UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DENNIS WAYNE LENARD, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) )   No. 20-1222-JDT-cgc |
| MADISON COUNTY JAIL, | ) ) ) |
| Defendant. | ) ) |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On October 2, 2020, Plaintiff Dennis Wayne Lenard, who is incarcerated at the Madison County Criminal Justice Complex (Jail) in Jackson, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Because Lenard names the Jail as the only Defendant, the Court will treat his allegations as claims against Madison County.

Lenard alleges various problems with the conditions at the Jail, including: fire code violations; overcrowded conditions resulting in double-celling of inmates; the presence of black mold in the Jail; confinement in cells without hot water for more than a week at a time; "failure to maintain minimum sanitary conditions in the food storage, preparation and service areas"; "failure to adequately protect inmates from likelihood of violent attacks"; "failure to provide minimally adequate medical care"; and "confinement of inmates in segregation status for more than one week without any opportunity for physical exercise." (ECF No. 1 at PageID 4-5.) Lenard also alleges he tested negative for the COVID-19 virus but was placed in a cell block with four inmates who

tested positive. (*Id.* at PageID 4.) He states he cannot "move around without bumping into other inmates and my sick calls are going ignored or unanswered." (*Id.* at 7.) Faucets and toilets are leaking, and his "food is being passed through uncleaned flaps that inmates sometimes throw[] bodily waste, and urine through." (*Id.*) Lenard does not specify the relief he seeks.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

  (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

  (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting

2

*Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Lenard files his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Lenard has sued only the Jail and does not contend that any specific person violated his rights. However, Madison County may be held liable under § 1983 *only* if Lenard's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal or county liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485

U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Lenard does not allege that a Madison County policy is responsible for the conditions of the Jail. He merely alleges that the unpleasant conditions exist. Lenard therefore fails to state a claim against Madison County.

Even if Lenard had named the individual responsible party or parties, his claims concerning the conditions at the Jail are stated only generally. Lenard, however, does not have standing to assert claims on behalf of any inmate other than himself, *see Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989), and there are no factual allegations in the complaint setting out how he was harmed by any of the conditions of which he complains. One of the three elements of standing is that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote and citations omitted). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted).

Here, the closest Lenard comes to alleging he was personally affected by the conditions at the Jail is his statement that he was housed with inmates who tested positive for COVID-19, (ECF No. 1 at PageID 4), that he "can't move around without bumping into other inmates and [his] sick calls are going ignored," and that his food is passed into his cell through dirty flaps. (ECF No. 1 at PageID 7.) Lenard does not, however, allege that these things harmed him. He does not allege he became ill with COVID-19, was adversely affected by any food that was passed through dirty flaps, or that he had a serious medical condition which went untreated because his sick calls were

4

ignored.  He also does not allege he was injured because of bumping into other inmates or that any of the other conditions of which he complains caused him harm.  Unless Lenard suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue.  *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).

For these reasons, Lenard's complaint fails to state a claim on which relief may be granted and is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court concludes that Lenard should be given the opportunity to amend his complaint.

In conclusion, Lenard's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.  **Any amendment must be filed within twenty-one (21) days after the date of this order, on or before November 17, 2020.**

Lenard is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any

5

exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Lenard fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                                   s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE